**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CHARLES W. BRUNS III**                                                                                    **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 1:04cv794-LG-JMR**

**GARBER, et al**                                                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motion [55-1] for Summary Judgment which is accompanied by a Memorandum in Support [56-1]. Defendants have also filed three separate Motions to Dismiss. These Motions are titled Motion [49-1] to Dismiss Hancock County Board of Supervisors, Motion [51-1] to Dismiss Hancock Sheriff Steve Garber, and Motion [53-1] to Dismiss Hancock County Jail Corrections Officers. To date, the Plaintiff has not filed a response to any of Defendants' Motions to Dismiss or to Defendants' Motion [55-1] for Summary Judgment. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendants' Motion [55-1] for Summary Judgment should be granted.

## STATEMENT OF CASE

Plaintiff Charles W. Bruns III ("Bruns") filed this suit on October 22, 2004, alleging violations of his constitutional rights, perpetrated by the Defendants, while he was incarcerated at the Hancock County Jail. In his Complaint, Bruns lists numerous grievances including incomplete booking procedures, improper confiscation of his property at booking, improper confiscation of legal materials, denial of phone access, denial of access to the courts, failure to properly train corrections officers, and obstruction of and delay in receiving his mail. *See* Complaint pp. 7-14. According to

his Complaint, Bruns was arrested and transported to the Hancock County Jail on June 21, 2004 for violating the conditions of his parole. *Id* at p. 7.  Bruns was given a breathalyzer test by Sergeant Michael Vandyke and was then booked into custody by Sergeant James McPherson. *Id*.  Bruns alleges that McPherson "did knowingly and willfully enter incorrect and fraudulent information" on his custody form. *Id*.  Bruns also alleges that he was not questioned "regarding booking information or vital questions" and his request for a property receipt was denied. *Id* at pp.7-8.

Bruns contends that between June 17 and June 19, 2004, Officer John Doe conspired with an inmate to steal the first draft of his Complaint and evidence from his cell. *Id* at p. 8.  Bruns complains that on June 23, 2004 he submitted request forms for permission to use the hall pay phone to call Judge John Roper, an F.B.I. agent, Joel Wallace and Jeffrey Neciase. *Id*.  Bruns also complains that on  June 29, 2004, he submitted request forms for permission to use the hall pay phone to call  his attorney Rufus Alldrege. *Id*.  On June 26, 2004, Bruns submitted a letter to Sheriff Steve Garber addressing his denial of access to the courts and the constitutional and civil rights violations occurring at the Hancock County Jail. *Id* at p. 9.  Bruns maintains that Garber never responded to his correspondence. *Id*.  Bruns also maintains that he submitted a request on June 29, 2004, for access to information from the Circuit Clerk's Office and removal of a call block placed on witness Juanita R. Williams' phone. *Id*.  Again, Bruns states that he did not receive a reply or any form of relief. *Id*.

Sometime during the month of July, 2004, Bruns contends that he was again denied access to the phone.  Bruns claims he needed to use the phone to call his attorney and potential witnesses in order to prepare for his revocation hearing. *Id*.  On July, 5, 2004 Bruns claims to have submitted a request form to Warden Naomi Noble detailing his intent to file a civil action regarding his treatment at the Hancock County Jail. *Id*. at p. 10.  Bruns states that he submitted several "narratives"

to Noble but received no response. *Id.* Bruns claims that his requests to use the phone, in order to contact local drug treatment centers, continued to be denied during the month of July, 2004. *Id.* at pp.10-11. On or about, July 23, 2004, Bruns sent a formal letter to the Hancock County Board of Supervisors addressing the constitutional and civil rights violations occurring at the Hancock County Jail. *Id.* at 11.

Bruns seeks punitive damages in the amount of five thousand dollars ($5,000) from each Defendant as well as compensatory damages in the amount of five thousand dollars ($5,000) from each Defendant. Bruns also seeks a court order directing Defendants to submit a written plan to the Court which would grant inmates meaningful access to the courts, including daily mail service. *See* Complaint at pp. 20-21.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d

1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

## ANALYSIS

Bruns has brought claims against the Defendants in their individual and official capacities and against Hancock County alleging that they violated his constitutional rights. Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. *See White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Municipal

liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski, supra*, are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. "The unconstitutional conduct [alleged by the plaintiff] must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* at 578. *See Bennet v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984). Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

Not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See*

*Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted.").

In his Complaint and pleadings, Bruns does not assert that a policy or custom existed which was the moving force behind his alleged constitutional deprivations. Plaintiff simply alleges various grievances that occurred over a period of several months. These grievances include: incomplete booking procedures, improper confiscation of his property at booking, improper confiscation of legal materials, denial of phone access, denial of access to the courts, failure to properly train corrections officers, and obstruction of and delay in receiving his mail. *See* Complaint pp. 7-14. None of the deprivations of which Bruns complains of rise to the level of a constitutional violation, and assuming that he did allege a constitutional violation, he has not sufficiently shown by credible evidence that there was any official policy, custom, or practice which was the moving force behind such a violation. To date, Bruns has failed to respond to either the Defendants' Motions [49-1], [51-1], [53-1], to Dismiss or Defendants' Motion [55-1] for Summary Judgment. Therefore, the Court only has the allegations Bruns offers in his Compliant to substantiate his version of the facts. The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. At best, each of his assertions amount to an isolated incident of negligent conduct, which, by itself, is insufficient to support the instant official capacity claims against the Defendants.

The Fifth Circuit has held that a "state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm ... but responded with deliberate indifference to that risk." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). In other words, for liability to attach to a jail official, the plaintiff must show that the official had subjective knowledge of a substantial risk of serious harm to the inmate, but

responded with deliberate indifference to that risk. *Id.* at 649. Bruns has offered no evidence that would create a genuine issue of material fact as to whether any of the Defendants possessed subjective knowledge of a substantial risk of serious harm, or that any of the Defendants responded with deliberate indifference to that risk. Deliberate indifference is the subjective intent to cause harm, and it cannot be inferred from a jail official's failure to act reasonably. It is not the same as negligence. *Id.* at 648.

Accordingly, this Court finds all claims against the Defendants acting in their official capacity should be dismissed.

In his Complaint, Bruns names the Defendants in their individual capacities. Taking the facts as alleged by Bruns in his Complaint as verified, his contention that they were acting within the course and scope of their employment are claims more properly classified as official capacity claims. Nevertheless, in their [18] Answer and Defenses, Defendants raise the affirmative defense of qualified immunity.

As a law enforcement officers acting in their individual capacities, Defendants Sheriff Garber, Warden Nobles and officers Johnson, McPherson, Mack, Vandyke, and Joe, may assert the defense of qualified immunity. S*ee Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986). Suits against law enforcement officers in their individual capacities must allege specific conduct giving rise to a constitutional violation. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). The standard requires more than conclusory assertions alone to overcome the qualified immunity defense. *See Id.*; *Elliot v. Perez*, 751 f.2d 1472, 1479 (5th Cir. 1985). When considering a qualified immunity defense one must first determine whether, at the time of the event, the asserted constitutional violation implicates a clearly established constitutional right. If the plaintiff satisfies this threshold requirement, one must examine whether the defendant's conduct was objectively reasonable in light

of clearly established law at that time. *See Hare v. City of Corinth*, 36 F.3d 412, 414 (5th Cir. 1994); *Salas v. Carpenter*, 980 F.2d 299, 305-06 (5th Cir. 1992).

In his Complaint, Bruns lists numerous grievances including incomplete booking procedures, improper confiscation of his property at booking, improper confiscation of legal materials, denial of phone access, denial of access to the courts, failure to properly train corrections officers, and obstruction of and delay in receiving his mail. Other than making bare allegations that his constitutional rights were violated, Bruns has failed to offer any proof that such constitutional violations actually occurred. Assuming, *arguendo,* that Bruns did in fact suffer a violation of a clearly established constitutional right, the Defendants are nevertheless entitled to qualified immunity because their conduct under the circumstances was objectively reasonable. Thus, Bruns claims against Defendants Sheriff Garber, Warden Nobles and officers Johnson, McPherson, Mack, Vandyke, and Joe, in their individual capacities, must fail.

As members of the Hancock County Board of Supervisors, Defendants Pullman, Seymour, Cuevas, Yarborough, and Cowand are also immune from suit in their individual capacities. Bruns' claims that the members of the Hancock Board of Supervisors failed to respond to a letter addressed to them detailing the alleged constitutional violations suffered by Bruns. He further asserts that the Board members failed to properly train Sheriff Garber in prisoners' rights. The Fifth Circuit has determined that members of a Board of Supervisors are "not liable for a good faith reasonable choice among valid policy alternatives, even if an unwise one, and that liability or their negligence will follow only when the plaintiff can show a clear breach of duty that led to plaintiff's injury." *Roberts v. Williams*, 456 F.2d 819, 831 (5th Cir. 1971). Furthermore, under Mississippi law, a county board of supervisors acts in an official, not individual, capacity. Any neglect or failure in the discharge of its duties is the default of the board itself, not on the

individual members who comprise the board. Thus, this Court finds that Bruns' individual capacity claims against Defendants Pullman, Seymour, Cuevas Yarborough, and Cowand should be dismissed.

## **CONCLUSION**

Based on the forgoing analysis, this Court is of the opinion that Bruns has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. Therefore, this Court finds that Defendants' Motion [55-1] for Summary Judgment should be granted, and all claims against Defendants should be dismissed with prejudice, both in their individual and official capacities.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   2nd   day of April, 2007.

                                          s/ John M. Roper
                                      CHIEF UNITED STATES MAGISTRATE JUDGE